Law Library

**IN THE SUPERIOR COURT OF GUAM**

FILED
SUPERIOR COURT

CLERK OF COURT

BY:_____

DR. JOEL JOSEPH,

        Petitioner,

vs.

GUAM BOARD OF ALLIED HEALTH EXAMINERS,

        Respondent.

SPECIAL PROCEEDINGS CASE NO. SP0001-13

FINDINGS OF FACT AND CONCLUSIONS OF LAW

## INTRODUCTION

This matter was tried before the HONORABLE VERNON P. PEREZ beginning on May 10, and continuing on May 21-24 and 28, 2013. The Petitioner was represented by Attorney Mitchell F. Thompson. The Respondent was represented by Assistant Attorney General Benjamin Abrams. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.    Any finding of fact is also a conclusion of law. Any conclusion of law is also a finding of fact.

2.    Petitioner ("Dr. Joseph") was previously licensed to practice veterinary medicine in Guam by Respondent Guam Board of Allied Health Examiners ("Board"). That license, however, expired on December 31, 2012. Testimony of Dr. Joseph.

3.    The Board issued a letter to its licensees, including Dr. Joseph, which was dated September 26, 2012. The letter stated that the Board was scheduled to meet on the first Friday of December 2012 to review all license renewals. Exhibit 40.

4.    Further, the letter stated:

> In the event that there are questions concerning your renewal application, you are then provided adequate time to submit any deficiency. *Id.*

*Dr. Joel Joseph v. Guam Board of Allied Health Examiners*
Findings of Fact and Conclusions of Law
Special Proceedings Case No. SP0001-13      - Page 1 of 8 -

5. On November 20, 2012, Dr. Joseph submitted his license renewal application to the Board. Exhibit 38. Dr. Joseph also timely paid the renewal fee. Exhibit 39.

6. The Board did not meet on the first Friday of December. Instead the Board met on December 28, 2012.

7. Dr. Joseph did not attend the December 28 meeting. Dr. Joseph's son, Benjamin Schiff, was present at the meeting and made a video recording of the portion of the proceedings that pertained to Dr. Joseph. Exhibit 55. Other licensees, whose licenses renewal applications were to be considered were not present at the meeting. Testimony of Mamie Balajadia.

8. At the December 28 meeting, the Board voted not to renew Dr. Joseph's license to practice veterinary medicine. The Board based its decision on issues raised by Board members, Dr. Velma harper and Sybil Crisostomo, and by Board Counsel David Highsmith. Exhibit 55.

9. Prior to the December 28 meeting, the Board had not communicated to Dr. Joseph that it had any issues or concerns with his renewal application. Testimony of Dr. Joseph.

10. On December 31, 2012, Dr. Joseph, through counsel, sent a letter to Mr. Highsmith objecting to the Board's non-renewal of his license. Exhibit 41.

11. On January 3, 2013, Dr. Joseph filed with the Court, a Petition for a Writ of Mandate. That same day, the Board, through its legal counsel David Highsmith, sent a letter to Dr. Joseph informing Dr. Joseph that the Board voted not to renew his license, citing seven different reasons. Exhibit 42.

12. On January 4, 2013, in an email to Dr. Joseph's counsel, the Board stated that on February 1, 2013 it would permit Dr. Joseph to "address" its decision for non-renewal of his license. The letter, however, indicated that the scheduled meeting will not be an evidentiary hearing.

13. Dr. Joseph chose not to attend the February 1, 2013 meeting, objecting to the fact that there would no evidentiary hearing.

## CONCLUSIONS OF LAW

*Dr. Joel Joseph v. Guam Board of Allied Health Examiners*
Findings of Fact and Conclusions of Law
Special Proceedings Case No. SP0001-13    - Page 2 of 8 -

1. Dr. Joseph was denied his right to procedural due process when the Board elected not to renew his veterinary license, without first providing him with adequate notice and a meaningful opportunity to respond. "Whether an affected party is entitled to individual notice and a pre-deprivation hearing depends upon the character of the action." *Gallo v. U.S. District Court of Arizona*, 349 F.3d 1169, 1181 (9th Cir. 2003). "When the government action is adjudicative [as opposed to legislative] . . . due process requires 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

The Board's actions were "adjudicative" in that the December 28 was conducted to determine, or essentially "adjudicate," whether certain licenses, including Dr. Joseph's were to be renewed. *See. U.S. v. Florida East Coast Ry. Co.*, 410 U.S. 224, 245 (1973) (finding that the number of persons affected is basic distinction between rulemaking and adjudication). Therefore, Dr. Joseph was entitled to an opportunity to present his objections. Indeed, the Board recognized this right to some extent in its September 28 letter where it stated: "[i]n the event that there are questions concerning your renewal application, you are then provided adequate time to submit any deficiency." Although the Court finds that Dr. Joseph had notice that his license would be reviewed at the December 28 meeting, Dr. Joseph was not on notice as to the issues regarding his renewal application. Without such notice, along with the Board's election not to renew his license, the Court concludes that Dr. Joseph was not afforded his constitutional right to procedural due process.

Furthermore, Dr. Joseph's having a professional license entitled him to such constitutional protection. *See. Gallo v. U.S. District Court of Arizona*, 349 F.3d 1169, 1181 (9th Cir. 2003) (an individual has a legitimate property interest in his or her professional license); *See Also. Sabow v. United States*, 93 F.3d 1445, 1456 (9th Cir. 1996) (holding that physician has a constitutionally protected property interest in his or her medical license). A professional license, "once conferred, constitutes an entitlement subject to constitutional protection." *Gallo* at 1179. In *In re Corrinet*, an Attorney's license to practice in a federal bar was unilaterally revoked after

*Dr. Joel Joseph v. Guam Board of Allied Health Examiners*
Findings of Fact and Conclusions of Law
Special Proceedings Case No. SP0001-13          - Page 3 of 8 -

it was found that even though he did not meet a criterion of admission to the bar, he was already a member of that bar for nearly a decade. *In re Corrinet*, 645 F.3d 1141, 1144 (9th Cir. 2011). The Court found, among other things, that the Judge that revoked the attorney's license did not comply with certain local rules regarding discipline of attorneys. *Id.* at 1146. The court ultimately held that the attorney "must in advance be informed of the purpose of the proceeding and of the grounds therefor, and be afforded a fair opportunity . . . to produce evidence in refutation or rebuttal." *Id.*

In the present case, the Board did not provide Dr. Joseph with a fair opportunity to produce evidence in refutation or rebuttal. On that basis, the Court concludes that Dr. Joseph was not afforded due process when the Board elected not to renew his veterinary license, without first providing him with adequate notice and a meaningful opportunity to respond.

2.      A Writ of Mandate will only lie to compel the Board to provide Dr. Joseph with a hearing in order to respond to the claims set forth in Board counsel's January 3, 2013 letter. With regard to a Writ of Mandate, 7 GCA § 31202 provides:

> It may be issued by any court, to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person.

7 GCA § 31202. Furthermore, "[t]he writ must be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law." 7 GCA § 31203. In this case, the Board is the type of entity contemplated by § 31202 and, as discussed above, the Court can compel the Board to provide Dr. Joseph with a hearing, which would comport with the requirements of procedural due process. The Court can deny the Writ if it determines that the Petitioner has a plain, speedy, and adequate remedy in the ordinary course of law.

*Dr. Joel Joseph v. Guam Board of Allied Health Examiners*
Findings of Fact and Conclusions of Law
Special Proceedings Case No. SP0001-13          - Page 4 of 8 -

3. After having heard all of the evidence at trial, the Court concludes that a Writ of Mandate will not lie to compel the Board to automatically renew Dr. Joseph's license. Although the Court realizes that Dr. Joseph has a property interest in his professional license, the Court is also aware of the underlying policies and provisions that allow the Board to exercise its discretion in matters such as this.[1] The Court recognizes the competing interests of the parties in this regard. On the one hand, the provisions pertaining to the renewal of licenses provide that "licenses *may* be renewed upon payment of a renewal fee and completion of continuing education requirements as stated in these rules and regulations." 10 GCA § 12808(a). Also, relevant case law holds that mandamus is appropriate *only* when there is a clear, present, and ministerial duty to act. *See. Holmes v. Territory Land Use Commission*, 1998 Guam 8, ¶ 11; *Limtiaco v. Guam Fire Dept.*, 2007 Guam 10, ¶ 8. On the other hand, however, other courts have opined that the discretion of an administrative agency is not unfettered and, further, that mandamus will lie to correct an abuse of discretion or the actions of an administrative agency which exceed the agency's legal powers. *See. Skelly v. State Personnel Board*, 15 Cal.3d 194, 218 (1975); *Saleeby v. State Bar*, 39 Cal.3d 547, 561-62 (1985).

In this case, the Board refused to renew Dr. Joseph's license, without first providing him with notice and adequate time to respond. From this, the Court concluded that Dr. Joseph was not afforded procedural due process. However, based on the Board's failure in that regard, the Court will not now automatically compel the Board to renew Dr. Joseph's license. Had the Board provided Dr. Joseph with notice and an opportunity to respond, it would have been able to hear rebuttal evidence and make an informed decision on the issue of renewal. Such evidence

---

[1] "The primary purpose of [The Allied Health Practice Act] is to protect the public against unprofessional, improper, incompetent, unlawful, fraudulent or deceptive practices who practice the healing art. This act, therefore, shall provide for the proper guidelines, such as education requirements, continuing education requirements, licensing and renewal procedures, professional conduct and any other matter, which the Board deems appropriate in serving the interests of the community." 10 GCA § 12801(b).

*Dr. Joel Joseph v. Guam Board of Allied Health Examiners*
Findings of Fact and Conclusions of Law
Special Proceedings Case No. SP0001-13          - Page 5 of 8 -

was received by this Court. The Court will briefly analyze some of the evidence as they pertain to certain claims raised by the Board.

5. The Department of Public Health and Social Services previously issued Dr. Joseph a Controlled Substances Registration ("CSR"), which expired on April 30, 2012. Exhibit 12. Dr. Joseph timely submitted a renewal application for the CSR on April 25, 2012. Exhibit 13. DPHSS did not renew the CSR license but instead, on May 4, 2012, issued an order to show cause to Dr. Joseph as to why his CSR license should not be "revoked or suspended." Exhibit 15. Subsequently, on May 9, 2012, DPHSS rescinded its order to show cause, stating that that "the Order to Show Cause dated May 4, 2012 is hereby rescinded" and "your renewal application for CSR will be processed accordingly." Exhibit 15. DPHSS contacted former business manager of Wise Owl Clinic, Kenneth Massey and informed him that the CSR was approved and ready to be picked up. Testimony of Kenneth Massey. Mr. Massey also testified that he told DPHSS to mail the registration, but the registration was never received. Finally after having not received the CSR, Mr. Massey attempted to retrieve the CSR from DPHSS but was informed that the Attorney General's office advised DPHSS not to release it. DPHSS did not issue any other OSC to Dr. Joseph. Testimony of James Gillan.

Title 9 GCA section 67.305(a) provides:

> Before denying, suspending, revoking, or refusing to renew a registration, DPHSS shall serve upon the applicant or registrant an order to show cause why registration should not be denied, suspended or revoked, or the renewal refused.

9 GCA section 67.305(a). Further, section 67.305 states:

> In case of a refusal to renew a registration, the order must be served not later than thirty (30) days before expiration of the registration.

9 GCA section 67.305(a). Finally, 67.305 concludes:

> A proceedings to refuse to renew a registration does not affect the existing registration, which remains in effect until completion of the proceedings.

9 GCA section 67.305(a).

*Dr. Joel Joseph v. Guam Board of Allied Health Examiners*
Findings of Fact and Conclusions of Law
Special Proceedings Case No. SP0001-13          - Page 6 of 8 -

By not timely serving an OSC upon Dr. Joseph, DPHSS could not then simply refuse to renew the CSR. On that basis, the Board improperly relied on the wrongful failure of DPHSS to renew Dr. Joseph's CSR as a ground for non-renewal of Dr. Joseph's veterinary license.

6.     In refusing to renew Dr. Joseph's license the Board also improperly relied upon the notion that Dr. Joseph operated his clinic in "noncompliance with an order from Department of Public Works ("DPW") concerning, among other things, "the safe use of an x-ray machine thereon." Exhibit 42. The regulations of x-ray machines fall under the purview of the Environmental Health Division of DPHSS, and not DPW. Testimony of M. Thomas Nadeau. Furthermore, as of February 2013, DPHSS had not promulgated any of its own rules and regulations for x-ray machines. Testimony of James Gillan. Therefore, in refusing to renew Dr. Joseph's license, the Board improperly relied upon the assertion that Dr. Joseph operated his clinic in non-compliance with an order from DPW.

7.     Dr. Joseph offered evidence to rebut the claims set forth by the Board. The Court finds that Dr. Joseph's adequate remedy, for purposes of the Writ of Mandate, will be for an impartial Board to re-consider his renewal application and render its decision for renewal or non-renewal in light of all the evidence adduced at trial. The Court believes that this evenly comports with the Allied Health Act, which still gives the Board discretion to conduct its matters consistent with serving the interests of the community.

8.     In re-considering Dr. Joseph's license, however, the Board shall take necessary measures to ensure a fair and impartial review is afforded. Title 10 GCA § 12821 provides that procedures for enforcement and disciplinary action afford "an opportunity for a fair and impartial hearing . . . before the Board or its examining committee." 10 GCA § 12821. Although Board Chairperson Mamie Balajadia testified that she is "indifferent" to Dr. Joseph, the Court believes

*Dr. Joel Joseph v. Guam Board of Allied Health Examiners*
Findings of Fact and Conclusions of Law
Special Proceedings Case No. SP0001-13          - Page 7 of 8 -

that her disqualification from the review is warranted, given the parties' disputatious history. Board member Sybil Crisostomo shall also be disqualified from the review.

## CONCLUSION

Dr. Joseph requests that the Court issue a Writ of Mandate, compelling the Board to re-new his license. At this point, however, the Court can only make a dispositive finding that Dr. Joseph was not afforded Procedural Due Process. That alone is not enough for the Court to grant the ultimate relief sought in Dr. Joseph's petition. Therefore, Dr. Joseph's petition for a Writ of Mandate is **DENIED** in part, with an order that the Board re-consider the renewal application in light of all the evidence adduced at trial and the Court's conclusions of law.

So **ORDERED** this _7_ day of January, 2014.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

a full, true and correct copy of th
original on file in the office of th
Clerk of the Superior Court of Guam.

JAN - 7 2013

Leonard F. Ventura
Deputy Clerk, Superior Court of Guam

*Dr. Joel Joseph v. Guam Board of Allied Health Examiners*
Findings of Fact and Conclusions of Law
Special Proceedings Case No. SP0001-13          - Page 8 of 8 -